**24SL-CC01931**

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **LISA PHILLIPS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| **AMERICASH LOANS OF MISSOURI, LLC** | ) |
| **d/b/a AmeriCash Loans,** | ) |
| (Service Pursuant to Rule 54.16)[1] | ) Div. |
| | ) |
| and | ) **JURY TRIAL DEMANDED** |
| | ) |
| **S.A.I.L., LLC** | ) |
| **d/b/a GOCREDIT.ME,** | ) |
| (Service Pursuant to Rule 54.16)[2] | ) |
| | ) |
| Defendants. | ) |

### PETITION[3]

COMES NOW Plaintiff Lisa Phillips ("Plaintiff"), by and through undersigned counsel, and for her Petition against Defendants AmeriCash Loans of Missouri, LLC d/b/a AmeriCash Loans ("Defendant AmeriCash") and S.A.I.L., LLC d/b/a GOCREDIT.ME ("Defendant S.A.I.L.") (collectively, "Defendants"), states the following to the Court:

---

[1] NOTE: Defendants' legal counsel, Timothy C. Sansone ("Defense Counsel"), of the law firm Sandberg Phoenix has agreed to accept service on Defendants' behalf. Upon the assignment of a case number to this cause of action, undersigned counsel will file a Request for Summons pursuant to Rule 54.16 and serve Defense Counsel with a Notice in conformance with the same.

[2] *See Id.*

[3] The factual allegations from all preceding headings and sub-headings in this Petition are hereby realleged and incorporated into all subsequent headings and sub-headings as if fully set forth herein. Additionally, all exhibits referenced in this Petition are hereby fully incorporated as if fully set forth herein.

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

## NATURE OF THE ACTION

1. This Petition is predicated upon facts giving rise to, without limitation, the following claims:

   a. Gender discrimination in violation of the Missouri Human Rights Act (the "MHRA").

   b. Retaliation in violation of the MHRA for engaging in one or more activities protected by the same.

   c. Gender discrimination in violation of Title VII of the Civil Rights Act of 1964.

   d. Retaliation in violation of Title VII of the Civil Rights Act of 1964 for engaging in one or more activities protected by the same.

## PARTIES

### Plaintiff Lisa Phillips

2. At all relevant times herein, Plaintiff was a female resident of Florissant, St. Louis, County, Missouri.

### Defendant AmeriCash

3. Defendant AmeriCash Loans of Missouri, LLC d/b/a AmeriCash Loans (i.e., Defendant AmeriCash) is a limited liability company registered as a foreign corporation—in good standing—with the Missouri Secretary of State's Office.

4. Plaintiff is under information and belief that Defendant AmeriCash is a domestic corporation of the State of Delaware with its principal place of business located at 880 Lee Street, Suite 302, Des Plaines, Illinois.

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

5.    Defendant AmeriCash is an "employer" as the term is contemplated by the MHRA and/or Title VII of the Civil Rights Act of 1964.

**Defendant S.A.I.L.**

6.    Defendant S.A.I.L., LLC d/b/a GOCREDIT.ME (i.e., Defendant S.A.I.L.) is a limited liability company registered as a foreign corporation—in good standing— with the Missouri Secretary of State's Office.

7.    Plaintiff is under information and belief that Defendant S.A.I.L. is a domestic corporation of the State of Delaware with its principal place of business located at 2400 East Devon Avenue, Suite 300, Des Plaines, Illinois.

8.    Defendant S.A.I.L. is an "employer" as the term is contemplated by the MHRA and/or Title VII of the Civil Rights Act of 1964.

**JURISDICTION AND VENUE**

9.    Defendants conduct continuous and systematic business in the State of Missouri.

10.    Because one or more of Plaintiff's claims are brought pursuant to the MHRA, venue is governed by RSMo. § 213.111.1 which provides that, "an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred."

11.    As specifically set forth herein, Plaintiff alleges that one or more unlawful discriminatory practices prohibited by the MHRA occurred in St. Louis County, Missouri.

12.    Therefore, venue is proper in the Circuit Court of St. Louis County, Missouri.

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

13.   Plaintiff received four (4) Notice of Right to Sue letters from the Missouri Commission on Human Rights (the "MCHR") on or about February 8, 2024.[4]

14.   More specifically, on or about February 8, 2024, the MCHR issued Plaintiff Notice of Right to Sue letters for each of the following legal entities:

    a.   Defendant AmeriCash Loans of Missouri, LLC.[5]

    b.   AmeriCash Loans.[6]

    c.   GOCREDIT.ME.[7]

    d.   S.A.I.L., LLC.[8]

15.   Plaintiff's cause of action arises out of conduct that took place in St. Louis County, Missouri.

## ADMINISTRATIVE PROCEDURES

16.   On or about June 28, 2023, Plaintiff timely filed—with the MCHR and the Equal Employment Opportunity Commission (the "EEOC")—a Charge of Discrimination (Plaintiff's "Charge of Discrimination") against Defendants on the basis of gender and retaliation.[9]

17.   More specifically, Plaintiff's Charge of Discrimination alleged, among other things, that:

---

[4] *See* Plaintiff's Exhibits 2-5.
[5] *See* Plaintiff's Exhibit 2.
[6] *See* Plaintiff's Exhibit 3.
[7] *See* Plaintiff's Exhibit 4.
[8] *See* Plaintiff's Exhibit 5.
[9] *See generally* Plaintiff's Exhibit 1.

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

    a.    The discrimination began in approximately February 2023.[10]

    b.    The latest known discrimination occurred on or about March 22, 2023.[11]

    c.    Plaintiff was under information and belief that the discrimination may be ongoing (i.e., a "continuing action").[12]

18.    This Petition was filed within 90 days of the MCHR's issuance of its four (4) aforementioned Notice of Right to Sue letters related to Plaintiff's Charge of Discrimination.

19.    Plaintiff's Charge of Discrimination provided both the MCHR and the EEOC with a sufficient opportunity to investigate the full scope of the controversy between Plaintiff and each Defendant.

20.    Accordingly, the scope of Plaintiff's claims in this Petition may be, and are, as broad as the scope of the MCHR/EEOC investigation that could reasonably be expected to have grown out of Plaintiff's Charge of Discrimination.

21.    Plaintiff also received a Notice of Right to Sue from the EEOC as to this matter's named Defendants.

22.    Thus, Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this cause of action, and this Petition is being filed within all applicable statute of limitations.

---

[10] Plaintiff's Exhibit 1, p. 1.

[11] *Id.*

[12] *Id.*

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

**FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

23.   Plaintiff began working for Defendants on or about February 5, 2018.

24.   Plaintiff is under information and belief that, although apparently registered as separate legal entities, each doing business under one or more fictitious names (including those specifically identified herein):

   a.   Defendants have largely—if not completely—overlapping ownership of each such legal entity or d/b/a.

   b.   Regardless of location or legal entity, Defendants' employees ultimately report up through the chain of command to the same supervisory personnel.

25.   That said, to the best of Plaintiff's knowledge, throughout her employment with Defendants' business, she was specifically employed by Defendants AmeriCash (d/b/a AmeriCash Loans) and S.A.I.L., LLC (d/b/a GOCREDIT.ME).

26.   From Plaintiff's hire date on or about February 5, 2018, until her termination of employment on or about March 22, 2023, Plaintiff was physically located within the State of Missouri.

27.   Plaintiff was hired as Defendant AmeriCash's District Manager for the entire State of Missouri at a base salary of $50,000 per year.

28.   In 2020, Plaintiff was promoted to the position of District Manager over Defendant AmeriCash's operations for the entire states of Missouri and Wisconsin at an increased base salary of $62,000 per year.

29.   In January of 2023, Plaintiff was again promoted to the position of AmeriCash Loans' Regional Manager over the states of Missouri, Wisconsin and Oklahoma.

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

30.  Upon receiving her promotion to Regional Manager, Plaintiff's base salary was increased to $82,000 per year.

31.  A couple months later, Defendant AmeriCash's operations for the State of Oklahoma were taken away from Plaintiff and given to a close friend of Defendant AmeriCash's owner.

32.  In that regard, Plaintiff was informed by her supervisor(s) that the position was being given to this particular individual so that he could work out the company's State of Oklahoma financial issues.

33.  However, this transition occurred shortly after Defendant AmeriCash's District Manager in the State of Oklahoma, Michael Perrin's ("Mr. Perrin") (who directly reported to Plaintiff), employment with the company had been involuntarily terminated.

34.  On or about January 23, 2023, Plaintiff was once again promoted (i.e., provided an expanded role at Defendant AmeriCash).

35.  More specifically, beginning on or about January 23, 2023, Plaintiff's Regional Manager job responsibilities expanded to, among other things, managing the day-to-day operations:

    a.  Defendant AmeriCash's operations throughout the entire states of Missouri and Wisconsin.

    b.  Defendant S.A.I.L.'s operations throughout the State of Illinois.

36.  A short while later, Plaintiff's Regional Manager job responsibilities further expanded to include GOCREDIT.ME's (i.e., a fictitious name registered with the

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

Missouri Secretary of State's Office to Defendant S.A.I.L.) operations throughout the State of Illinois.

37. At that time, Plaintiff's salary was increased to $95,000 per year.

38. Throughout Plaintiff's employment with Defendants, she received nothing but exceptional performance reviews and feedback—from both her supervisors and subordinate employees.

39. Moreover, Plaintiff was never formally disciplined in any manner whatsoever.

40. Indeed, and as specifically enumerated above, since being hired by Defendants, Plaintiff had been promoted several times with the latest promotion occurring on or about January 23, 2023.

41. However, shortly after Plaintiff's January of 2023 promotion, she briefly met with Defendants' collective Chief Executive Officer, Barb Wolfe (Defendants' or the "CEO")—in the CEO's office.

42. During this meeting, Defendants' CEO conveyed to Plaintiff, among other things, that:

    a. Plaintiff was well deserving of her promotions, including the latest one occurring on or about January 23, 2023.

    b. The CEO had heard excellent things about Plaintiff's work performance, and thus, Plaintiff should expect more promotions in the future.

43. However, in Plaintiff's newest role (i.e., following her promotion on or about January 23, 2023), Plaintiff was granted access to all of Defendants' Illinois

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

employee personnel files, including with respect to each such employee's specific and comparative compensation.

44. In reviewing the employees' specific and comparative compensation, Plaintiff discovered significant and readily apparent gender-based compensation discrepancies between Defendants' male and female employees who were working in the same or substantially similar positions within the company.

45. More specifically, Plaintiff noticed male employees in similarly situated positions as one or more of Defendants' female employees, and yet, although the male employees had less tenure at the company, they were receiving significantly higher compensation than their similarly situated—but more experienced—female colleagues.

46. Similarly, Plaintiff also discovered that  vehicle allowances were significantly higher for Defendants' Illinois male employees than its female employees— including with regard to some male employees in subordinate roles to the lesser compensated female employees.

47. After discovering the aforementioned gender-based compensation discrepancies, Plaintiff raised the issue with Defendants' Chief Operating Officer, Mike Guenther (Defendants' or the "COO").

48. In response, Defendants' COO asked Plaintiff to gather information/documentation related to the readily apparent gender-based compensation discrepancies and to email said information/documentation directly to Defendants' COO.

49. As a result of the COO's directive, Plaintiff promptly did so.

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

50.     Shortly thereafter, Plaintiff had a similar conversation about readily apparent gender-based compensation discrepancies between Defendants' male and female Illinois employees with Defendants' Human Resources' Director, Don Davis (Defendants' or the "HR Director").

51.     More specifically, during this conversation, Plaintiff advised Defendants' HR Director about one of Defendants' female District Coordinators over the State of Wisconsin that was being paid less than Defendants' similarly situated male employees in the in the State of Illinois.

52.     Plaintiff additionally advised Defendants' HR Director of the readily apparent gender-based compensation discrepancies at the company whereby its female District Managers over the states of Missouri and Wisconsin were being paid less than the company's male District Managers over the State of Illinois.

53.     Although Plaintiff's aforementioned conversation with Defendants' HR Director about readily apparent gender-based compensation discrepancies, at the conclusion of the conversation, the HR Director advised Plaintiff that the situation "would be looked into."

54.     Thereafter, Plaintiff had a couple of in-person, closed door meetings with both Defendants' COO and HR Director.

55.     During these meetings, Plaintiff was advised that both the COO and HR Director wanted to "be careful" about bringing the readily apparent gender-based compensation discrepancies up to either Defendants' CEO (Ms. Wolfe) or owner because the COO and HR Director were afraid that some people would stand to lose

a significant amount of money if the gender-based compensation discrepancies were retroactively corrected.

56.    Within a couple weeks of raising the aforementioned readily apparent gender-based compensation discrepancies to Defendants' CEO, COO, and HR Director, on March 22, 2023, Plaintiff's employment with Defendants was suddenly, unjustifiably, and involuntarily terminated.

57.    Given Plaintiff's most recent promotion only a couple months prior to her involuntary termination of employment with Defendants, it was clear to Plaintiff that Defendants' true reason for terminating Plaintiff's employment was her good-faith reporting of Defendants' above-described readily apparent gender-based compensation discrepancies.

58.    More specifically, on the day of Plaintiff's termination, she was called into a room with the HR Director who began engaging Plaintiff in general conversation about whether she had any open positions in any of Plaintiff's regions.

59.    Plaintiff provided the HR Director with answers to said questions about open positions, and a short while later, Defendants' COO joined the meeting.

60.    After Defendants' COO joined the meeting, Plaintiff was then questioned about whether she had informed Defendants' former District Manager, Mr. Perrin, that the Defendants' Oklahoma market was being sold.

61.    In response, Plaintiff advised Defendants' COO and HR Director that Plaintiff did not so inform Mr. Perrin.

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

62. Plaintiff also advised Defendants' COO and HR Director that Plaintiff would not have had any reason to provide the recited information to Mr. Perrin because, among other reasons, "it was not true."

63. Plaintiff was then informed by Defendants' COO and HR Director that, because they were told that Plaintiff had provided said information to Mr. Perrin, the decision had been made to terminate Plaintiff's employment with Defendants—effective immediately.

64. The entire aforementioned conversation took place in around five minutes.

65. At the conclusion of Plaintiff's short termination meeting with Defendants' COO and HR Director, Plaintiff was asked to surrender her company keys, badge, laptop, and credit card.

66. After doing so, Plaintiff was escorted from the building.

67. The day after Plaintiff was terminated, she called Defendants' HR Director—formal documentation regarding Plaintiff's termination of employment the day prior.

68. Apparently in response to Plaintiff's inquiry, Defendants' HR Director later sent Plaintiff one email advising her that, "[d]ue to a perceived violation of company policy," Plaintiff's employment with Defendants was involuntarily terminated on March 22, **2022**.[13]

69. Upon receiving said email, Plaintiff further followed up with the HR Director seeking a correction to Plaintiff's date of termination, to accurately reflect the date

---

[13] *See* Plaintiff's Exhibit 6 (attached to Plaintiff's Charge of Discrimination as "Exhibit 1") (emphasis added).

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

as being on March 22, **2023**—a correction that was made in an otherwise verbatim email from the HR Director on the next day.[14]

### COUNT I:    GENDER DISCRIMINATION
#### *Violation of RSMo. § 213.010 et seq.*

70.    Plaintiff is a member of a protected class by virtue of her female gender.

71.    Plaintiff was subjected to one or more tangible employment actions, including, without limitation, that Defendants' terminated Plaintiff's employment.

72.    Plaintiff's gender was, at the very least, a motivating factor in the tangible employment actions taken against Plaintiff by Defendants, including, but not limited to, Defendants' decision to terminate Plaintiff's employment.

73.    Additionally, Plaintiff engaged in activities protected by the MHRA, including, without limitation, raising concerns to Defendants' leadership of readily apparent gender-based compensation discrepancies between Defendants' similarly situated male and female employees.

74.    As a direct and proximate result of Defendants' allegedly unlawful conduct as alleged in this Count, Plaintiff has been, and continues to be, deprived of monetary and non-monetary benefits, including "backpay" compensation.

75.    Additionally, as a direct and proximate result of Defendants' allegedly unlawful conduct as alleged in this Count, Plaintiff has suffered, and continues to suffer,

---

[14] *See* Plaintiff's Exhibit 7 (attached to Plaintiff's Charge of Discrimination as "Exhibit 2") (emphasis added).

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

garden variety emotional distress and other non-medically diagnosed emotional distress.

76.     By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified, and/or authorized the allegedly unlawful conduct of Defendants' employees/agents as alleged in this Count.

77.     As demonstrated by the factual allegations as alleged herein, Defendants' conduct was willful, wanton, and malicious and/or showed complete indifference to and/or a conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish and deter Defendants—and others like them—from like conduct in the future.

78.     If successful in the pursuit of one or more of Plaintiff's claims as alleged herein, Plaintiff is entitled to the recovery of her reasonable attorneys' fees and costs from Defendants, as specifically authorized by the MHRA.

        WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable (as determined by a jury at trial); for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT II:  RETALIATION
### *Violation of RSMo. § 213.010 et seq.*

79.    As specifically alleged herein, Plaintiff made one or more complaints to members of Defendants' leadership team (e.g., Defendants' CEO, COO, and HR Director), regarding readily apparent gender-based compensation discrepancies Plaintiff discovered during the course and scope of her employment with Defendants between Defendants' similarly situated male and female employees.

80.    Plaintiff reasonably and in good faith believed that her aforementioned complaints regarding readily apparent gender-based compensation discrepancies between Defendants' similarly situated male and female employees were based on said employees' gender.

81.    Additionally, Plaintiff engaged in the protected activity (under the MHRA) of reporting to, without limitation, members of Defendants' leadership team (e.g., Defendants' CEO, COO, and HR Director), readily apparent gender-based compensation discrepancies Plaintiff discovered during the course and scope of her employment with Defendants between Defendants' similarly situated male and female employees.

82.    Plaintiff's reporting of the readily apparent gender-based compensation discrepancies to, without limitation, members of Defendants' leadership team (e.g., Defendants' CEO, COO, and HR Director) was done with a reasonable and good-faith belief that said compensation discrepancies were based on the employees' gender.

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

83.   Shortly thereafter, Defendants took one or more adverse actions against Plaintiff, including, without limitation, terminating her employment with Defendants.

84.   Plaintiff's engaging in the above-described activities protected by the MHRA was, at a minimum, a motivating factor in Defendants' decision to take one or more of the aforementioned adverse actions against Plaintiff.

85.   As a direct and proximate result of Defendants' allegedly unlawful conduct as alleged in this Count, Plaintiff has been, and continues to be, deprived of monetary and non-monetary benefits, including "backpay" compensation.

86.   Additionally, as a direct and proximate result of Defendants' allegedly unlawful conduct as alleged in this Count, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other non-medically diagnosed emotional distress.

87.   By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified, and/or authorized the allegedly unlawful conduct of Defendants' employees/agents as alleged in this Count.

88.   As demonstrated by the factual allegations as alleged herein, Defendants' conduct was willful, wanton, and malicious and/or showed complete indifference to and/or a conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish and deter Defendants—and others like them—from like conduct in the future.

89.     If successful in the pursuit of one or more of Plaintiff's claims as alleged herein, Plaintiff is entitled to the recovery of her reasonable attorneys' fees and costs from Defendants, as specifically authorized by the MHRA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable (as determined by a jury at trial); for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT III:   GENDER DISCRIMINATION
## (PLEAD IN THE ALTERNATIVE TO COUNT I)
### *Violation of Title VII of the Civil Rights Act of 1964*

90.     Plaintiff is a member of a protected class by virtue of her female gender.

91.     As evidenced by, without limitation, Plaintiff's numerous promotions—including one shortly before Plaintiff's termination of employment from Defendants— Plaintiff was meeting Defendants' legitimate job expectations.

92.     Defendants subjected Plaintiff to one or more adverse employment actions including, without limitation, by terminating Plaintiff's employment from Defendants.

93.     As specifically enumerated herein, Plaintiff was treated differently than Defendants' similarly situated male employees.

94.     Plaintiff's gender was, at the very least, a motivating factor in the tangible employment actions taken against Plaintiff by Defendants, including, but not limited to, Defendants' decision to terminate Plaintiff's employment.

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

95.     Additionally, Plaintiff engaged in activities protected by the MHRA, including, without limitation, raising concerns to Defendants' leadership of readily apparent gender-based compensation discrepancies between Defendants' similarly situated male and female employees.

96.     As a direct and proximate result of Defendants' allegedly unlawful conduct as alleged in this Count, Plaintiff has been, and continues to be, deprived of monetary and non-monetary benefits, including "backpay" compensation.

97.     Additionally, as a direct and proximate result of Defendants' allegedly unlawful conduct as alleged in this Count, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other non-medically diagnosed emotional distress.

98.     By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified, and/or authorized the allegedly unlawful conduct of Defendants' employees/agents as alleged in this Count.

99.     As demonstrated by the factual allegations as alleged herein, Defendants' conduct was willful, wanton, and malicious and/or showed complete indifference to and/or a conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish and deter Defendants—and others like them—from like conduct in the future.

100.    If successful in the pursuit of one or more of Plaintiff's claims as alleged herein, Plaintiff is entitled to the recovery of her reasonable attorneys' fees and costs from

Defendants, as specifically authorized by, without limitation, § 706(k) of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable (as determined by a jury at trial); for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

**COUNT IV:   RETALIATION**
**(PLEAD IN THE ALTERNATIVE TO COUNT II)**
***Violation of Title VII of the Civil Rights Act of 1964***

101.    As specifically alleged herein, Plaintiff made one or more complaints to members of Defendants' leadership team (e.g., Defendants' CEO, COO, and HR Director), regarding readily apparent gender-based compensation discrepancies Plaintiff discovered during the course and scope of her employment with Defendants between Defendants' similarly situated male and female employees.

102.    Plaintiff reasonably and in good faith believed that her aforementioned complaints regarding readily apparent gender-based compensation discrepancies between Defendants' similarly situated male and female employees were based on said employees' gender.

103.    Additionally, Plaintiff engaged in the protected activity (under Title VII of the Civil Rights Act of 1964) of reporting to, without limitation, members of Defendants' leadership team (e.g., Defendants' CEO, COO, and HR Director), readily apparent gender-based compensation discrepancies Plaintiff discovered during the course

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM

and scope of her employment with Defendants between Defendants' similarly situated male and female employees.

104. Plaintiff's reporting of the readily apparent gender-based compensation discrepancies to, without limitation, members of Defendants' leadership team (e.g., Defendants' CEO, COO, and HR Director) was done with a reasonable and good-faith belief that said compensation discrepancies were based on the employees' gender.

105. Shortly thereafter, Defendants took one or more materially adverse employment actions against Plaintiff, including, without limitation, terminating her employment with Defendants.

106. Plaintiff's engaging in the above-described activities protected by Title VII of the Civil Rights Act of 1964 was, at a minimum, a motivating factor in Defendants' decision to take one or more of the aforementioned adverse actions against Plaintiff.

107. Thus, there is a causal connection between one or more of Plaintiff's activities as protected by Title VII of the Civil Rights Act of 1964 and one or more of the aforementioned materially adverse employment actions Defendants took against Plaintiff.

108. As a direct and proximate result of Defendants' allegedly unlawful conduct as alleged in this Count, Plaintiff has been, and continues to be, deprived of monetary and non-monetary benefits, including "backpay" compensation.

109. Additionally, as a direct and proximate result of Defendants' allegedly unlawful conduct as alleged in this Count, Plaintiff has suffered, and continues to suffer,

garden variety emotional distress and other non-medically diagnosed emotional distress.

110.   By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified, and/or authorized the allegedly unlawful conduct of Defendants' employees/agents as alleged in this Count.

111.   As demonstrated by the factual allegations as alleged herein, Defendants' conduct was willful, wanton, and malicious and/or showed complete indifference to and/or a conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish and deter Defendants—and others like them—from like conduct in the future.

112.   If successful in the pursuit of one or more of Plaintiff's claims as alleged herein, Plaintiff is entitled to the recovery of her reasonable attorneys' fees and costs from Defendants, as specifically authorized by, without limitation, § 706(k) of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable (as determined by a jury at trial); for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

*/s/ Jeremy D. Hollingshead*
Jeremy D. Hollingshead, #60447
Nicholas J. Dudley, #62860
14323 South Outer 40 Road, Suite 204N
Town & Country, Missouri 63017
Telephone:    (314) 480-5474
Facsimile:     (314) 667-4798
Emails:         jhollingshead@hdtriallawyers.com
                      ndudley@hdtriallawyers.com

ATTORNEYS FOR PLAINTIFF

Electronically Filed - ST LOUIS COUNTY - April 29, 2024 - 02:18 AM