UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24 CV 1160 CDP |
| ) | |
| AMERICASH LOANS OF MISSOURI, ) | |
| LLC, d/b/a AmeriCash Loans, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

In her sole remaining claim for relief (Count II), plaintiff alleges that her employment was terminated by defendants in retaliation for pointing out the company's gender-based pay disparities in violation of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.070.1(2).[1]  Defendants contend that plaintiff was fired for revealing confidential information to a former employee.  Defendants now move for summary judgment, claiming that plaintiff cannot demonstrate she was fired for engaging in protected activity under the MHRA.  Plaintiff opposes summary judgment, and the issues have been fully briefed and considered by the Court.  ECF 27, 28, 29, 31, 35-1, 36, 42, 43.

---

[1] Plaintiff was granted leave to voluntarily dismiss her other claims on August 20, 2025.  ECF 37, 40.

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).  I must view the evidence in the light most favorable to the nonmoving party and accord her the benefit of all reasonable inferences.  *Scott v. Harris,* 550 U.S. 372, 379 (2007).  My function is not to weigh the evidence but to determine whether there is a genuine issue for trial.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Missouri law governs this case. Under the MHRA, it is unlawful for an employer to "retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter . . . ." Mo. Rev. Stat. § 213.070.1(2).  To make a submissible case for retaliation under the MHRA, plaintiff must establish that she complained of discrimination, defendants took adverse action against her, and a causal relationship existed between the complaint and the adverse action.  *Petifurd v. Missouri Department of Corrections*, 717 S.W.3d 324, 330 (Mo. Ct. App. 2025).   The requisite causal relationship exists where "the protected criterion was the motivating factor," meaning "the employee's protected classification actually played a role in the adverse action or decision and had a determinative influence on the adverse

2

decision or action." Mo. Rev. Stat. § 213.010(2), (19). A retaliation claim does not depend on the merits of the underlying complaints of discrimination. *Petifurd*, 717 S.W.3d at 330 n.11. Instead, it is sufficient if plaintiff had a "reasonable good faith belief that there were grounds" for the complaint. *Id*. (citation modified).

"Because cases involving claims of retaliatory motive are inherently fact-based, usually depending on inferences rather than direct evidence, circumstantial evidence that tends to support an inference of retaliatory motive is sufficient." *McGaughy v. Laclede Gas Company*, 604 S.W.3d 730, 752 (Mo. Ct. App. 2020) (citation modified); *see also Petifurd*, 717 S.W.3d at 331. Examples of circumstantial evidence found sufficient to support an inference of causation by Missouri courts include a good work record prior to the adverse employment action, close temporal proximity between the complaint and the adverse action, atypical treatment, and facts showing the employer's explanation for the action is unworthy of credence. *Id.; see also, Soto v. Costco Wholesale Corp*. 502 S.W.3d 38, 49-50 (Mo. Ct. App. 2016) (terminated employee pointed to good work record prior to making a complaint, as well as the fact that he was disciplined and demoted two months after complaining of discriminatory treatment of coworkers, as sufficient evidence of retaliatory motive); *Turner v. Kansas City Public Schools*,

3

488 S.W.3d 719, 724 (Mo. Ct. App. 2016) (plaintiff presented sufficient evidence of retaliation by proving that the reason she was fired was false).[2]

Viewing the evidence in the light most favorable to plaintiff and drawing all permissible inferences respecting retaliatory motive in her favor, summary judgment must be denied as there remains a genuine issue for trial regarding whether plaintiff's employment was terminated in retaliation for reporting what she believed were gender-based pay disparities among the employees she supervised.  A reasonable jury could infer retaliatory motive because plaintiff was a successful manager and received several promotions and positive performance reviews before her termination.  However, she was fired a mere two weeks after she reported gender-based pay disparities in the company to her supervisor Mike Guenther and the Human Resources manager, Don Davis.

Plaintiff was abruptly fired after being accused of telling a former employee, Michael Perrin, about a confidential, pending sale of one of defendants' stores in Oklahoma.  Perrin allegedly told one of the Oklahoma employees, Aileen Lloyd, about the sale, and Lloyd got upset and asked her boss David McCoy about it.  Instead of telling Lloyd the truth about the sale, McCoy "deflected" the question

---

[2] While some of these cases apply the old version of the law, which only required the protected activity to be a contributing factor, Missouri courts continue to review the same type of circumstantial evidence to decide retaliation claims even where the protected activity must now be the motivating factor.  See Petifurd, 717 S.W.3d at 331.

4

and then reported it to defendants' Chief Executive Officer, Barb Wolf.  McCoy told Wolf that Lloyd said "a manager named Lisa in corporate" told Perrin about the sale.[3]  Wolf then involved Guenther and Davis in the "investigation" of plaintiff's alleged breach of confidentiality, which consisted solely of Davis speaking to McCoy, who just repeated what he had already said.  Davis did not speak to Lloyd or Perrin and felt rushed to conclude the investigation.  Neither Davis nor Guenther could recall whether any of defendants' 250 other employees were also managers named Lisa and worked in corporate.  The "investigation" was concluded within a day, and then plaintiff's employment was terminated by Guenther in the same meeting in which they accused her of disclosing confidential information.  Plaintiff alleges that this investigation did not follow usual company protocol to investigate alleged employee misconduct, including breaches of confidentiality, in terms of speed, consideration of progressive discipline, or in the failure to provide plaintiff with an adequate opportunity to respond to the allegations.

Both plaintiff and Perrin deny that plaintiff ever disclosed any confidential information about the pending sale of the Oklahoma store to Perrin, and Perrin

---

[3] Defendants repeatedly argue they were told *plaintiff* disclosed the confidential information. *See, e.g.*, Affidavit of Wolf, ECF 29-6 ("I received information from David McCoy that Ms. Phillips had shared or disclosed sensitive confidential business information about the imminent sale of an AmeriCash Loans affiliated office in Oklahoma.").  Not so.  Although defendants may believe plaintiff was "the manager named Lisa in corporate," they have not presented any evidence that McCoy named *Lisa Phillips* as that person.

5

denies ever making such a statement to Lloyd or anyone else.  A reasonable jury could well conclude that the stated reason for terminating plaintiff's employment was pretextual given the perfunctory, atypical investigation into the alleged disclosure of confidential information, which consisted solely of McCoy restating the same hearsay information to Davis without any attempt by Davis to verify the accuracy of those statements or discern the true identity of "a manager named Lisa in corporate."

Although Guenther and Davis deny that plaintiff made any reports of gender-based pay discrimination to them, and Wolf avers that she alone made the decision to terminate plaintiff's employment without knowledge of plaintiff's complaints, these denials do not warrant summary judgment in this case given the reasonable inferences a jury could draw from the evidence and upon resolution of numerous underlying factual disputes in plaintiff's favor.  It will be up to a jury to weigh the credibility of all witnesses and decide whether Wolf's or plaintiff's version of events is more believable in light of Guenther and Davis's alleged knowledge of plaintiff's complaints, their participation in the investigation and termination process, and the circumstances surrounding the investigation of the alleged breach of confidential information and plaintiff's immediate termination of employment.

This case remains set for jury trial on November 3, 2025.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [27] is denied.

                                             */s/ Catherine D. Perry*
                                             CATHERINE D. PERRY
                                             UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2025.